

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 25, 2006

The Honorable Frank J. Corte Jr.
Chair, Committee on Defense Affairs and
   State-Federal Relations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0467

Re: Whether the East Coke County Hospital District is authorized to operate a long-term health care facility and levy taxes for its maintenance and operation (RQ-0467-GA)

Dear Representative Corte:

You ask the following question:

> Does the East Coke County Hospital District have the authority to operate a long-term health care facility and levy taxes to maintain and operate said facility?[1]

The East Coke County Hospital District (the "ECCHD") was created pursuant to article IX, section 9 of the Texas Constitution, which permits the legislature to provide for the creation and operation of hospital districts and to authorize them to levy taxes or issue bonds. Hospital districts created pursuant to this constitutional provision assume responsibility for providing medical and hospital care to indigent residents. *See* TEX. CONST. art. IX, § 9.

In 1969 the legislature adopted House Bill 1462, a special law creating the ECCHD within part of Coke County and authorizing it to levy a tax, subject to approval by the voters. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 444, §§ 1–3, 1969 Tex. Gen. Laws 1485, *amended by* Act of May 12, 1977, 65th Leg., R.S., ch. 249, § 1, 1977 Tex. Gen. Laws 662, 663 (authorizing district to contract with physicians, professional associations providing health care, and nonprofit medical corporations). House Bill 1462 vested management and control of the ECCHD in its board of directors and charged the district with establishing a hospital or a hospital system to furnish care to

---

[1]Letter from Honorable Frank J. Corte Jr., Chair, Committee on Defense Affairs and State-Federal Relations, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 14, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us). *See* Letter from Mr. Edward M. Cumbie, President, Board of Directors, East Coke County Hospital District, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Feb. 16, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us, submitted as part of request letter giving additional information about request).

the district's residents, including indigent residents of the district. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 444, §§ 1–3, 1969 Tex. Gen. Laws 1485, 1485.

We consider whether the ECCHD may operate a long-term health care facility and levy taxes to maintain and operate the facility.[2] The board's authority is to be determined from the plain meaning of the statutory language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). The board must exercise its authority over the hospital district consistently with Texas Constitution article IX, section 9 and with other law defining the district's powers and duties.

House Bill 1462 sets out the district's authority to levy a property tax. The election approving the district's creation authorized the district to levy a tax "not to exceed 75 cents on each $100 valuation, upon all taxable property situated within said district . . . for all hospital district purposes." Act of May 24, 1969, 61st Leg., R.S., ch. 444, § 4(c), 1969 Tex. Gen. Laws 1485, 1486. "The board of directors shall annually levy a tax" to pay the interest on and create a sinking fund for bonds and other obligations it may have issued, provide for the operation and maintenance of the hospital district and the hospital system, and make further improvements and additions to the hospital system. *Id.* § 13, at 1490–91. The ECCHD thus may levy taxes "for all hospital district purposes," expressly including "improvements and additions" to the hospital system. *Id.* §§ 4(c), 13, at 1486, 1490–91.

House Bill 1462 gives the ECCHD board "complete discretion as to the type of buildings, both as to number and location, required to establish and maintain an adequate hospital system." *Id.* § 10, at 1490. "The hospital system may include facilities for domiciliary care of the sick, wounded, and injured, facilities for outpatient clinic or clinics, . . . facilities for geriatric domiciliary care, convalescent home facilities, . . . and any other facilities deemed necessary for hospital care by the directors." *Id.* The ECCHD thus has broad statutory authority to provide for the facilities of a hospital system. Pursuant to this authority the district board may, in the exercise of reasonable discretion, determine that a long-term health care facility is necessary for hospital care and may spend taxes to maintain and operate that facility. *See generally* Tex. Att'y Gen. Op. No. JM-2 (1983) (Corrigan Hospital District, established by special law, may build and operate a nursing home to provide geriatric care).

A general law also authorizes the ECCHD to operate a long-term health care facility. Health and Safety Code section 285.101 provides that certain hospitals, hospital districts, and authorities may "construct, acquire, own, operate, enlarge, improve, furnish, or equip . . . [various types of] facilities or services for the care of the elderly or disabled," including "a nursing home or similar long-term care facility." TEX. HEALTH & SAFETY CODE ANN. § 285.101(b)(1)(A) (Vernon 2001).

---

[2] A brief raises additional questions about the district's provision of indigent care. *See* Letter from Tom and LouAnna Peters, to Opinion Committee, Office of the Attorney General, at 1–2 (Apr. 1, 2006) (on file with the Opinion Committee). Government Code sections 402.042 and 402.043 identify the state and local officials who are authorized to request attorney general opinions, and section 402.045 provides that the attorney general may not give a written opinion to a person who is not an authorized requestor. *See* TEX. GOV'T CODE ANN. §§ 402.042, .043, .045 (Vernon 2005). Accordingly, we do not address the questions raised in the brief.

A hospital district created by special law under article IX of the Texas Constitution that is located in a county with a population of 35,000 or less is among the entities that may exercise this authority. *See id.* § 285.101(a)(1). The ECCHD is a hospital district created by special law under article IX, section 9 and located in a county with a population well under 35,000.[3] Accordingly, section 285.101 authorizes the ECCHD to operate a long-term health care facility. A long-term health care facility established by section 285.101 serves a "hospital district purpose" for which the district may levy and spend taxes. *See* Act of May 24, 1969, 61st Leg., R.S., ch. 444, § 4(c), 1969 Tex. Gen. Laws 1485, 1486.

---

[3]The population of Coke County was 3,864 in 2000. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://quickfacts.census.gov/qfd/states/48/48081.html (State and County Quick Facts) (last visited Sept. 14, 2006).

## S U M M A R Y

The East Coke County Hospital District, created by special law under article IX, section 9 of the Texas Constitution has authority to operate a long-term health care facility and to levy taxes to maintain and operate this facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee